# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 18, 2011

Lyle W. Cayce
Clerk

No. 09-11228
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MANUEL SANTACRUZ-RAMIREZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:09-CR-37-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jesus Santacruz-Ramirez, an illegal alien, pleaded guilty of being found

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unlawfully in the United States after deportation following a felony conviction. He was sentenced to a 35-month term of imprisonment, which was an upward variance from the guideline range of 21-27 months determined by the district court. Santacruz-Ramirez appeals, contending that the court erred in adding two criminal history points pursuant to U.S.S.G. § 4A1.1(e).

According to § 4A1.1(e), two points are added to a criminal history score if "the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under [§ 4A.1.1] (a) or (b) or while in imprisonment or escape status on such a sentence." The presentence report ("PSR") shows that Santacruz-Ramirez was released on a sentence for manslaughter in August 2005, was deported in March 2006, and returned to the United States illegally on an unspecified date in 2007. The PSR indicates that the application of § 4A1.1(e) was based on the date of Santacruz-Ramirez's deportation, rather than on the date of his release from imprisonment, an error in interpreting or applying the guideline that is subject to plain-error review given Santacruz-Ramirez's failure to object. *See United States v. Alvarado-Santilano*, 434 F.3d 794, 795-96 (5th Cir. 2005).

To establish plain error, Santacruz-Ramirez must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Absent the application of two criminal history points under § 4A.1.1(e), the guideline range would have been 15-21 months instead of 21-27 months. The district court, however, did not base the sentence on the guideline range. Rather, the court imposed an upward variance, noting that Santacruz-Ramirez's criminal history involved drugs and firearms and citing the need to punish, deter criminal activity, and protect the community. Santacruz-Ramirez has not pointed to any evidence to show that the court would have imposed a lesser sentence had

it determined a lower guideline range.  Further, there is substantial evidence in the record to support the upward variance.  Because Santacruz-Ramirez has not shown that the court could not impose the same sentence on remand or that there is a reasonable probability that, but for the error, the sentence would have been lower, he cannot show plain error.  *See Puckett*, 529 U.S. at 129; *United States v. Davis*, 602 F.3d 643, 648-52 (5th Cir. 2010).

AFFIRMED.